IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| SHARON WOJCIK, | ) |
| Plaintiff, | ) Case No. 1:22-CV-06518 |
| vs. | ) Judge Sharon Johnson Coleman |
| METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE, | ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) |

**AMENDED COMPLAINT**

NOW COMES the plaintiff, **SHARON WOJCIK**, by her attorneys, KAUFMAN LEGAL GROUP, LTD., and amends her complaint against the defendant, **METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE**, pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C.A. §1132(a)(1)(B), as follows:

**Count I**
**Breach of Contract**

1. At all relevant times herein, the plaintiff, **SHARON WOJCIK** (hereinafter the "plaintiff or "Sharon") was married to Jerold Wojcik (hereinafter the "decedent" or "Jerold") and were residents of Cook County, Illinois.

2. At all relevant times herein, the defendant, **METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE** (hereinafter the "defendant" or "MetLife") is an insurance company and was registered and authorized to do business in Illinois and conducted and transacted business in Cook County, Illinois.

3. On or about January 1, 2016, MetLife issued to All Excel Inc. Hourly Associates the following insurance: (1) Basic Life Insurance, (2) Supplemental Life Insurance, (3) Dependent

Life Insurance, (4) Accidental Death and Dismemberment Insurance and (5) Supplemental Accident Death and Dismemberment Insurance (See Group Policy, attached hereto as Exhibit A).

4. Plaintiff/Beneficiary seeks $80,000.00 in claimed, but denied, voluntary insurance benefits under Group Policy Number 123660-1-G in connection with the death of the decedent.

5. On or about August 6, 2019, Jerold was in a terrible accident when his vehicle caught on fire with him inside and he died.

6. At the time of his death, Jerold was an Hourly Associate employed by Exel Inc. and was covered under the Group Policy which was in full force and effect.

7. The primary beneficiary of Jerold's Group Policy life insurance was his wife, Sharon.

8. When the decedent died, his death benefits under the Group Policy became payable, including Basic Life Insurance, Supplemental Life Insurance, Accidental Death and Dismemberment Insurance and Supplemental Accident Death and Dismemberment Insurance.

9. The amount payable under each insurance provision was $40,000.00.

10. The plaintiff made a claim to MetLife under the Basic Life and Supplement Life Insurance provisions of the Group Policy and MetLife paid a total sum of $80,000.00.

11. The plaintiff made a claim to MetLife under the Accidental Death and Dismemberment Insurance provision of the Group Policy and MetLife refused to pay the claim alleging the manner of death could not be determined.

12. The plaintiff made a claim to MetLife under the Supplemental Accidental Death and Dismemberment Insurance provision of the Group Policy and MetLife refused to pay the claim alleging the manner of death could not be determined.

13. MetLife's continued refusal to pay Plaintiff the benefits she is entitled under the Accidental Death and Dismemberment Insurance and Supplemental Accident Death and Dismemberment

Insurance of the Group Policy are breaches of the terms of the Group Policy and MetLife's duty pursuant to ERISA.

WHEREFORE, the plaintiff, **SHARON WOJCIK**, prays for a judgment in her favor and against the defendant, **METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE**, as follows:

A. Plaintiff is entitled, pursuant to Section §502(a)(l)(B) of ERISA, 29 U.S.C.A. §1132(a)(l)(B), to benefits under the Accidental Death and Dismemberment Insurance and Supplemental Accident Death and Dismemberment Insurance of the Group Policy in an amount in excess of $80,000.00, plus interest and costs;

B. Plaintiff also is entitled, pursuant to ERISA§502(g)(l), 29 U.S.C.A. §1132(g)(l), to recover all attorneys' fees that have been incurred, and continues to incur, in her efforts to obtain the benefits of insurance that have been, and continue to be, wrongfully withheld by MetLife; and

C. Any other relief this Court deems just and proper under the facts and circumstances of the case.

### Count II
### Declaration Judgment

14. The plaintiff, **SHARON WOJCIK**, realleges and reaffirms paragraphs 1 through 13 of Count I as paragraphs 1 through 13 of Count II.

15. An actual controversy exists between the parties under the Group Policy which may be determined by a judgment or court order and, in accordance with Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Group Policy referred to and attached hereto as Exhibit A, and to adjudicate the final rights of the parties and give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, **SHARON WOJCIK**, prays for a declaratory judgment in her favor and against the defendant, **METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE**, declaring that the defendant is obligated under the Accidental Death and Dismemberment Insurance and Supplemental Accident Death and Dismemberment Insurance provisions of the Group Policy to pay the life insurance proceeds for a total amount of $80,000.00, plus interest, costs and attorneys' fees associated with bringing this action.

Respectfully submitted,

_____
Brett A. Kaufman

Brett A. Kaufman
KAUFMAN LEGAL GROUP, LTD.
4415 W Harrison Street - Suite 234
Hillside, IL 60162
(708) 375-5500
ARDC #6280329
brett@kaufmanlegal.net