UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON WOJCIK, | ) |
| Plaintiff, | ) Case No. 22-cv-06518 |
| v. | ) Judge Sharon Johnson Coleman |
| METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sharon Wojcik ("Plaintiff") brings this breach of contract claim against Defendant Metropolitan Life Insurance Company d/b/a MetLife ("Defendant"), pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, seeking declaratory judgment. The parties filed cross motions for summary judgment [25][32]. As explained below, the Court denies the Plaintiff's motion [25], and grants Defendant's motion [32].

**Background**

*Preliminary Statement*

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment. Local Rule 56.1(g) prohibits direct citations to evidence and requires parties' summary judgment memorandum to cite to Local Rule 56.1 statements or responses. N.D. Ill. R. 56.1(g). The Court is entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011).

Defendant argues that Plaintiff fails to comply with Local Rule 56.1(g) because she cites the administrative record and improper exhibits. The Court agrees that Plaintiff violated Local Rule 56.1. Nonetheless, because the Defendant does not argue that it could not respond due to Plaintiff's violation, Plaintiff's memorandum complied with the purpose of Local Rule 56.1. Within its broad

discretion, unless otherwise noted, the Court considers Plaintiff's facts in her memoranda. *See Chung Yim v. U.S.*, No. 19-CV-7077, 2024 WL 897365, at *2 (N.D. Ill. Mar. 1, 2024) (Valderrama, J.) (accepting plaintiff's arguments where the plaintiff failed to comply with Local Rule 56.1(g)).

*Facts*

It is the unfortunate reality that insurance companies must determine if beneficiaries are entitled to their insurance plan's benefits, even following someone's death. On August 6, 2019, Plaintiff's husband Jerold Wojick ("Decedent") was in his car when his vehicle caught on fire in Orland Park, Illinois. Decedent was found in the vehicle in a pugilistic stance with his window slightly rolled down. Based on police observation, there was a vaping device in his hand. Next to Decedent, in the passenger seat, was an open gasoline can. Defendant alleges there was also an empty bottle of Prozac next to Decedent.

Reema Khan, M.D., by the Office of the Medical Examiner of Cook County, conducted a Report of Postmortem Examination ("Autopsy"). The Autopsy found Decedent had "full-thickness burns" on 70% of his body, including his face, ears, neck, torso, and upper and lower extremities. He had no burns to his back, buttocks, feet, or pelvic region. Decedent's toxicology report revealed a higher than therapeutic level of Prozac in his blood. Dr. Khan determined Decedent died of thermal and inhalation injuries due to a car fire. Dr. Khan explained that the manner of death could not be determined because it was unknown if the car fire was intentional or an accident. In coming to this conclusion, Dr. Khan considered the circumstances of the death, medical and social histories, the Autopsy, and x-ray studies. Decedent's death certificate states the manner of death "COULD NOT BE DETERMINED."

Through his employment, Decedent participated in a Group Life and Supplemental Life Plan ("Plan"). The Plan is an employee welfare benefit plan regulated by ERISA and funded by a group life insurance policy issued by Defendant. Decedent had coverage for Basic Life Insurance, Accidental Death and Disbursement Insurance ("AD&D"), Supplemental Life Insurance, and

Supplemental Accidental Death and Disbursement insurance (also "AD&D"). The AD&D provision states, "If You sustain an accidental injury that is the Direct and Sole Cause of a Covered Loss, Proof of the accidental injury and Covered Loss must be sent to" Defendant. "Direct and Sole Cause means that the covered Loss occurs within 12 months of the date of the accidental injury and was a direct result of the accidental injury, independent of other causes." Proof under the plan "means Written evidence satisfactory to [Defendant] that a person has satisfied the conditions and requirements for any benefits," and "must be provided at the claimant's expense."

The Plan also has a Presumption of Death provision, which provides an employee will be presumed to have died as a result of an accidental injury if: "the . . . vehicle in which the decedent travels disappears, sinks, or is wrecked; *and* the body of the person who has disappeared is not found within 1 year . . .."

As the sole beneficiary of Decedent's plan, Plaintiff submitted a claim for benefits under each policy. On October 1, 2019, Defendant paid Plaintiff $80,000 plus interest for Decedent's Basic Life Insurance and Supplemental Life Insurance coverage under the Plan. However, on May 28, 2020, Defendant notified Plaintiff by letter that it denied her claim for AD&D benefits because both the Autopsy and death certificate found that "the manner of death could not be determined." Defendant explained in its letter that AD&D "coverage is only eligible if the loss is determined to be due to an accident." Defendant informed Plaintiff of her right to appeal its decision and gave her multiple extensions to produce documents to show Decedent's death happened by accident. Because Plaintiff never produced documents, the Defendant affirmed its decision to deny Plaintiff's claim for AD&D benefits on December 29, 2020. This lawsuit followed.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When considering cross motions for summary judgment, the court must "construe all facts and inferences therefrom in favor of the party against whom the motion under consideration is made." *Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1016 (7th Cir. 2020).

**Discussion**

Under ERISA, a beneficiary may bring a civil action to recover benefits under the terms of the relevant plan or clarify their rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). The Court's role is to determine whether Defendant's decision to deny Plaintiff the AD&D benefits was arbitrary and capricious. Under that standard, the Plaintiff must show that the Defendant's decision was unreasonable. *Marrs v. Motorola, Inc.*, 577 F.3d 783, 786 (7th Cir. 2009) ("[T]he court can . . . reject the administrator's interpretation only if it is unreasonable ('arbitrary and capricious')."). The standard of review in this case "turns on whether the plan administrator communicated specific reasons for its determination to the claimant, whether the plan administrator afforded the claimant an opportunity for full and fair review, and whether there is an absence of reasoning to support the plan administrator's determination." *Majeski v. Metro. Life Ins. Co.*, 590 F.3d 478, 484 (7th Cir. 2009) (internal citation omitted). This Court will uphold Defendant's decisions if (1) a reasonable explanation exists for Defendant's denial, (2) Defendant based its denial on a reasonable explanation of plan documents, or (3) Defendant based its decision on "the relevant factors that encompass the

4

important aspects of the problem." *Cerentano v. UMWA Health & Ret. Funds*, 735 F.3d 976, 981 (7th Cir. 2013). This Court will not simply rubber-stamp Defendant's decision. *Majeski*, 590 F.3d at 483.

It is undisputed that the arbitrary and capricious standard of review applies here, as the Plan gave the Defendant discretionary authority.[1] The parties diverge on whether Defendant's decision was rational. Plaintiff argues that Defendant's decision was arbitrary and capricious. Defendant argues the opposite. Both move for summary judgment on those grounds.

A. *Preliminary Matter*

Before delving into the parties' main arguments, the Court disposes of a preliminary issue. Plaintiff and Defendant raise arguments concerning non-administrative records. The Court finds it appropriate to limit its review to the materials Defendant reviewed when making its decision. *See Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009) (discussing how courts should limit review to the administrative record when review is deferential). The Court will not consider extraneous materials beyond the administrative record provided to the Court.

B. *Arbitrary and Capricious Decision?*

In her motion for summary judgment, Plaintiff argues that the AD&D provision required Defendant to start with the presumption that Decedent died by an accident. Plaintiff waived this argument by not replying to Defendant's assertion that the AD&D provision obligates it to presume death by accident only when (1) the vehicle the decedent traveled in was wrecked *and* (2) the decedents body was not found within a year. *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017) ("In an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences.").

---

[1] Plaintiff argued in her memorandum for summary judgment that a *de novo* standard applies to the Court's review. However, Plaintiff yields this argument in her reply.

Plaintiff then argues that Defendant acted unreasonably because it solely relied on the Decedent's death certificate when denying the AD&D benefits. Plaintiff also fails to cite to caselaw that shows such a reliance would be unreasonable.

Defendant argues and responds that Plaintiff has not established her burden under the arbitrary and capricious standard. Defendant asserts that, according to the AD&D provision's narrow coverage, Plaintiff had the duty to submit written proof that the death happened by *accident*; and that Plaintiff fell short of her obligation since she did not submit anything. Defendant argues it was therefore reasonable for it to rely on the official death certificate and autopsy, which stated that the manner of death could not be determined.

In her reply brief, Plaintiff asserts a host of conclusory arguments and assumptions. These arguments fall into two relevant buckets. First, Plaintiff states it was "irrational" for Defendant to determine that the vehicle was set on fire intentionally and the death was "clearly" accidental. Second, the Plaintiff asserts that the manner of death was not conclusive. However, Plaintiff fails to cite to *any* caselaw that supports her positions. Plaintiff waives these arguments, as the "failure to properly advance an argument with citation to legal authority constitutes waiver." *Basta v. Am. Hotel Reg. Co.*, 872 F. Supp. 2d 694, 704 (N.D. Ill. 2012) (Kendall, J.).

The Court agrees that the Defendant made a well-reasoned decision based on the administrative record. It is Plaintiff's burden to establish that Defendant's decision was arbitrary and capricious, which she fails to do for the reasons already stated. Defendant's decision depended on the core question: was the death an accident? No answer has been provided to that question.

It is a requirement under the AD&D provision that the covered loss be a "direct result of an accidental injury" for claimants to receive AD&D benefits. Plaintiff never submitted evidence, even though the Plan required her to do so, which showed the death happened by accident. Instead, Defendant reasonably relied on a death certificate and Dr. Khan's autopsy because they were official

6

records, created by professionals, and the only records it had which described the manner of death. More so, Dr. Khan conducted the autopsy while referring to several other professional reports. Plaintiff argues that Defendant had a duty to collect additional records to determine that the death happened by accident, however she still fails to cite to caselaw which supports this conclusion. It is well settled in this circuit that an insurance company may reasonably rely on its administrative records in the absence of additional evidence when determining coverage. *See Nunnery v. Sun Life Fin. Distributors Inc.*, 570 F. Supp. 2d 989, 994 (N.D. Ill. 2008) (Gettleman, J.) (finding defendant presented a reasonable explanation for its denial of accidental death benefits, since plaintiff did not provide documentation which supported that the decedent's death was accidental); *see also Chamberlain v. Metro. Life Ins. Co.*, No. 18-CV-1902, 2020 WL 4436735, at *3 (E.D. Wis. Aug. 3, 2020) (explaining defendant's denial was not arbitrary and capricious when a death certificate did not declare the manner of death an accident, as it held there was evidentiary weight to these documents of being prepared by professionals, and there was no other reliable record to base its decision on).

Further, after sending the Plaintiff a letter explaining its denial, Defendant gave Plaintiff an opportunity to appeal its decision. Defendant provided Plaintiff with multiple extensions to produce documents for the appeal. Once again, Plaintiff failed to submit any records. Defendant gave Plaintiff a full and fair review.

Plaintiff also argues that a conflict of interest exists because Defendant pays and reviews her qualifications to collect insurance benefits. Plaintiff argues that the Court should therefore consider the conflict as a factor in its arbitrary and capricious analysis. Here the conflict of interest does not help Plaintiff's contentions concerning Defendant's decisions since, as the Court found, the factors balance in Defendant's favor. A "tiebreaker" is unnecessary. *See Dragus v. Reliance Standard Life Ins. Co.*, 882 F.3d 667, 673 (7th Cir. 2018) (explaining that courts should consider conflicts of interest to

7

act as a "tiebreaker when the other factors are closely balanced.") (citing *Metro. Life Ins. v. Glenn*, 554 U.S. 105, 117, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008)).

Because Defendant's decision was rational and not arbitrary and capricious, a genuine issue of material fact does not exist, and the Court grants summary judgment in favor of Defendant.

C. *Defendant's Fees Request*

Defendant requests attorneys' fees and costs under 29 U.S.C. § 1132(g). Defendant must file a motion within 30 days. Currently, the Court denies Defendant's request.

**Conclusion**

For the reasons stated above, the Court denies Plaintiff's motion for summary judgment [25], and grants Defendant's motion for summary judgment [32].

IT IS SO ORDERED.

Date: 4/2/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge